FAIRHOLME FUNDS, INC.
et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 13–465C

United States Court of Federal Claims.

(Filed: March 7, 2017)

## ORDER

MARGARET M. SWEENEY, Judge

On May 20 and May 25, 2016, in order to facilitate discovery in this case, the court ordered the production of 58 documents—a sample of the approximately 12,000 documents that defendant claimed were privileged—for in camera review.[1] Subsequent to that production and before the court issued its ruling, defendant withdrew its claim of privilege as to two of the documents. The court therefore reviewed and ruled on 56 documents over which defendant claimed the presidential communications privilege (claimed as to all or part of 4 documents), the deliberative process privilege (claimed as to all or part of 52 documents), the bank examination privilege (claimed as to 11 documents), or a combination thereof.

On September 20, 2016, the court issued its opinion and order on the documents submitted for in camera review. The court ordered defendant to produce all of the 56 documents to plaintiffs. On October 27, 2016, defendant sought mandamus relief from the United States Court of Appeals for the Federal Circuit ("Federal Circuit") as to 16 of the 56 documents considered by this court.

On January 30, 2017, the Federal Circuit granted defendant's petition as to half or 8 of the 16 documents. On January 31, 2017, in accordance with the Federal Circuit's mandate, the court vacated those portions of its September 20, 2016 decision that had been overruled and ordered defendant to produce 8 additional documents to plaintiffs. That same day, the court ordered the parties to submit a joint status report with proposed schedules for the completion of discovery and for the completion of briefing on the United States' motion to dismiss.

Although the parties filed their joint status report on February 24, 2017, as directed, they were unable to agree on a schedule for the completion of jurisdictional discovery. Defendant claims that "[n]o further discovery is necessary or warranted in advance of completion of briefing on the Government's motion to dismiss." Joint Status Report 1. Plaintiffs, on the other hand, suggest that the court implement the "quick peek" procedure authorized by Federal Rule of Evidence 502(d):

> Under that procedure, the Court would issue an order under which the Government would be directed to permit Plaintiffs' counsel to review the remaining deliberative process and bank examination documents on its privilege logs without waiving any claims of privilege. Plaintiffs' counsel would then identify the subset of documents on the Government's privilege logs that are most relevant to this case and that Plaintiffs' counsel believes should be produced in light of the ruling on the motion to compel. Any remaining document privilege

---

1. In its ruling on defendant's petition for a writ of mandamus, the Federal Circuit mistakenly states that the "[Federal Housing Finance Agency ("FHFA")] and Treasury turned over approximately 48,000 documents, but refused to produce 58 documents." Fairholme Funds, Inc. v. United States, No. 17-104, 678 Fed.Appx. 981, 986–87, 2017 WL 406243, at *3 (Fed. Cir. Jan. 30, 2017). In fact, as stated by defendant in its petition, defendant withheld approximately 12,000 documents on privilege grounds, not just the 58 that were produced to the court for in camera review: "In the subsequent two and one half years, the United States has produced approximately 48,000 documents totaling more than 500,000

pages. The government has withheld approximately 12,000 documents in part or in full on privilege grounds. Plaintiffs filed an initial motion to compel production of 58 of these documents." Pet. for Writ 2–3. With respect to the total number of documents withheld, the court notes that although defendant stated in its petition that there were 12,000 documents withheld on privilege grounds, in the joint status report, defendant refers to "11,000 documents on our privilege log," Joint Status Report 2, and plaintiffs refer to "more than 11,000 documents the Government has withheld for privilege in this case," id. at 6.

disputes would then narrowly focus on the subset of documents identified by Plaintiffs' counsel.

Id. at 7.

At this time, the court is not convinced that the "quick peek" procedure permitted under the Federal Rules is appropriate. Rather, it is hereby **ORDERED** that defendant shall, on or by April 17, 2017, review its privilege log and, based on the court's September 20, 2016 ruling on plaintiffs' motion to compel as well as the Federal Circuit's ruling on defendant's petition for a writ of mandamus, produce any additional documents listed on its privilege log that are either (1) no longer privileged in light of both courts' rulings or (2) despite being privileged must nevertheless be produced in light of both courts' rulings. It is further hereby **ORDERED** that defendant file, on or by April 17, 2017, a status report indicating that it has complied with the court's order.

In addition, the court adopts the parties' jointly proposed briefing schedule:

* Within 45 days of the final resolution of the parties' discovery disputes, plaintiffs in this and the related cases may file amended complaint(s).

* Defendant will file an omnibus motion to dismiss seeking dismissal of this and all related actions before this court no later than 120 days after the expiration of the period for filing the amended complaint(s).

* Plaintiffs in this case will file their response to defendant's omnibus motion to dismiss no later than 90 days following the filing of that motion, and plaintiffs in each of the related cases will be permitted to file their own separate response to defendant's motion also within 90 days following the filing of the omnibus motion to dismiss.

* Defendant will file a reply in support of its omnibus motion to dismiss no later than 90 days following the filing of response(s) to the motion in this and the related cases.

Finally, on February 21, 2017, defendant filed a response to the court's order regarding the payment of plaintiffs' expenses. In its response, defendant argues first that an award of expenses is discretionary, pursuant to Rule 37(a)(5)(C) of the Rules of the United States Court of Federal Claims. Defendant then argues that in this case, such an award is unjustified because (1) it would not advance the resolution of the case, (2) defendant's position was substantially justified, and (3) it would be unjust. It is therefore hereby **ORDERED** that plaintiffs file, on or by March 20, 2017, their response and that defendant file, on or by March 27, 2017, its reply.

**IT IS SO ORDERED.**